# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:10-CV-00186-R

MICHAEL BOLIN                                                                                                   PLAINTIFF

v.

WICKLIFFE PAPER CO., LLC                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's motion for summary judgment (DN 15). Plaintiff has responded (DN 16) and Defendant has replied (DN 17). For the reasons that follow, Plaintiff and Defendant are requested to submit sur-replies with updated affidavits.

## BACKGROUND

The facts surrounding this matter are simple and undisputed. Plaintiff Michael Bolin was an employee of Pressure's On, Inc. (POI), which offers pressure washing services. POI enjoyed a business relationship with Defendant Wickliffe Paper Company, LLC (Wickliffe). In affidavits attached to Wickliffe's motion, its human resources director and health and safety manager declare the following about POI and Wickliffe's working relationship: (1) POI was used to perform routine and regular maintenance at Wickliffe; (2) the maintenance was to ensure that certain equipment operated properly and complied with government regulations; (3) POI's services were employed with some degree of regularity; (4) the pressure washing services were necessary for Wickliffe to safely operate its business; and (5) Wickliffe relied upon POI to adequately train and supervise its own employees. DN 15-2 at 1-2; DN 15-3 at 1-2.

On October 2, 2009, Bolin suffered an injury to his right foot while pressure washing the chemical tanks on Wickliffe's premises. He was subsequently forced to amputate several of his

1

toes.  Following the injury, Bolin asserted a claim against POI for workers' compensation in accordance with Kentucky's statutory scheme.  DN 10 at 2.  He states that he has received workers' compensation medical benefits and a lump sum from POI's worker compensation insurance carrier.  DN 10 at 5.  Bolin has also filed this action against Wickliffe claiming that it was negligent in failing to provide a safe working environment.  DN 1-1 at 4.  Wickliffe now moves for summary judgment, alleging that this action is prohibited by the Kentucky Workers' Compensation Act.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."  *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly

2

supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

This matter centers on nuances in the Kentucky Workers' Compensation Act ("KWCA"), specifically whether the pressure washing services provided by POI were regular and recurrent.[1]

Under Kentucky law, "[i]f an employer secures payment of compensation as required by [the KWCA], the liability of such employer . . . shall be exclusive and in place of all other liability of such employer to the employee . . . to recover damages from such employer at law. . . on account of such injury or death." KRS § 342.690(1). Defining "employer," the KWCA provides that "[f]or purposes of this section, the term 'employer' shall include a 'contractor' covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation." *Id*. A separate section clarifies, albeit somewhat imprecisely, who qualifies as a contractor:

---

[1] Where jurisdiction is exercised on diversity of parties, the substantive law of Kentucky governs the dispute. *Rutherford v. Columbia Gas*, 575 F.3d 616, 623 (6th Cir. 2009). For diversity purposes under 28 U.S.C. § 1332, Bolin is a citizen of Kentucky while Wickliffe is a corporate citizen of Delaware. *See* DN 1; DN 13.

> A person who contracts with another . . . [t]o have work performed of a kind which is a *regular or recurrent* part of the work of the trade, business, occupation, or profession of such person shall for the purposes of this section be deemed a contractor, and such other person a subcontractor.

*Id*. § 342.610(2)(b) (emphasis added and formatting altered).

"The purpose of the provision of KRS 342.610 that a contractor is liable for compensation benefits to an employee [of] a subcontractor who does not secure compensation benefits is to prevent subcontracting to irresponsible people." *Fireman's Fund Ins. Co. v. Sherman & Fletcher*, 705 S.W.2d 459, 461 (Ky. 1986). In combing the language of sections 342.690(1) and 342.610(2)(b), the Kentucky Court of Appeals sets out the relevant inquiry present in the current matter:

> The [KWCA] makes it clear that if [a business] is a contractor or statutory employer, it has no liability in tort to an injured employee of its subcontractor . . . . [The business] would be liable for workers' compensation in the event the [subcontractor] failed to provide it. It is also apparent from the [KWCA] that [the business] is a contractor if the work subcontracted to [the subcontractor] is of a kind which is a "regular or recurrent" part of the work or trade of [the business].

*Daniels v. Louisville Gas and Elec. Co.*, 933 S.W.2d 821, 823 (Ky. Ct. App. 1996) (citing *Fireman's Fund Ins. Co. v. Sherman & Fletcher*, 705 S.W.2d 459 (Ky. 1986)).

Wickliffe urges that because POI was a subcontractor who provided it with regular and recurrent pressure washing, and when considering that Bolin has already received a workers' compensation award, the KWCA bars the instant action. In support of its argument, Wickliffe points to the human resources director's and health and safety manager's affidavits that describe the regularity and importance of POI's services. It also notes that in his interrogatory answers, Bolin candidly responds that he has no "specific knowledge with regard to the relationship between [POI] and [Wickliffe]." DN 10 at 6. Viewing this admission in tandem with the

affidavits, Wickliffe asserts that Bolin is incapable of offering a material fact upon which a jury trial may be premised.

In reviewing the record before it, the Court finds that the affidavits are an inadequate foundation upon which this motion can rest. In *Daniels v. Louisville Gas and Elec. Co.*, the Kentucky Court of Appeals reviewed whether a subcontractor testing coal-fired power generators for toxic emissions was providing "regular and recurrent" services to the power plant where the generators were located. 933 S.W.2d at 823. Upholding the trial court's decision to grant summary judgment, the court described affidavits that had been submitted by the power plant. *Id*. The documents included dates when the subcontractor tested the emissions, a description of the procedure and why it was necessary, and listed the federal regulations that mandated the testing. *Id*. at 823-24. Other courts that have interpreted whether a subcontractor offered regular or recurrent services have been provided deposition testimony and employment contracts upon which to premise their decisions. *See McAtee v. Fluor Constructors Intern., Inc.*, No. 98-5927, 1999 WL 685928, at *4 (6th Cir. Aug. 27, 1999) (relied upon clear provisions in the agreement between the contractor and subcontractor); *Black v. Dixie Consumer Products LLC*, No. 1:08CV-142, 2010 WL 497668, at *5 (W.D. Ky. Feb. 5, 2010) (reviewed agreement between contractor and subcontractor as well as depositions from parties); *McWhinnie v. United States*, No. 5:06-CV-35, 2008 WL 2704469, *6-7 (W.D. Ky. July 9, 2008) (relied upon the provision of the agreement between the contractor and subcontractor).

While the Court is confident that a litigant providing only affidavits is capable of establishing the absence of a material fact with regard to "regular and recurrent" services, in this case Wickliffe has failed to do so. The two affidavits submitted with this motion do not describe

5

how often POI's maintenance was performed, the purpose of the maintenance, or why it was important to Wickliffe's operations. Although the affidavits state that POI's services were necessary to conform to various governmental regulations, there is no mention of what those regulations may be. It has been this circuit's prerogative to discard affidavits offered in support of summary judgment motions where they "contain[] only conclusory allegations and naked conclusions of law." *Sigmon v. Appalachian Coal Properties, Inc.*, 400 F. App'x 43, 48-49 (6th Cir. 2010); *see Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 835 (6th Cir. 2009) (conclusory statements without specific facts will not satisfy the summary judgment standard); *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) (same). Neither affidavit contains sufficient detail upon which this Court could accurately characterize POI's services as regular and recurrent. What is more, both are littered with legal conclusions instead of the facts that would aid this Court in its decision. In their current form, the affidavits are insufficient to show there is no issue of material fact.

Rather than denying this motion for summary judgment however, the Court will permit the parties to each submit a sur-reply with sufficiently detailed affidavits in support. Wickliffe will have two weeks from this order to file a sur-reply with updated affidavits supporting its position. Bolin will have two weeks from that date to submit his own sur-reply with affidavits. The Court takes such action out of an abundance of caution and to learn more about the circumstances underlying this unfortunate incident.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant shall submit a sur-reply within two weeks of this order, along with any pertinent evidence supporting its argument

for summary judgment. Plaintiff shall then submit a sur-reply within two weeks of Defendant's reply, along with any pertinent evidence supporting its argument against summary judgment. Such action will give the Court the proper foundation upon which to base its ruling.