UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-00186-R

MICHAEL BOLIN                                                                           PLAINTIFF

v.

WICKLIFFE PAPER CO., LLC                                                         DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's motion for summary judgment (DN 15). Plaintiff has responded (DN 16) and Defendant has replied (DN 17). Pursuant to the Court's request, Plaintiff and Defendant have each submitted a sur-reply (DN 19; DN 20). This motion is now ripe for adjudication. For the reasons that follow, Defendant's motion is GRANTED.

## BACKGROUND

The facts surrounding this matter are simple and undisputed. Plaintiff Michael Bolin was an employee of Pressure's On, Inc. (POI), which offers pressure washing services. POI enjoyed a business relationship with Defendant Wickliffe Paper Company, LLC (Wickliffe). On October 2, 2009, Bolin suffered an injury to his right foot while pressure washing the chemical tanks on Wickliffe's premises. He was subsequently forced to amputate several of his toes. Following the injury, Bolin asserted a claim against POI for workers' compensation in accordance with Kentucky's statutory scheme. DN 10 at 2. He states he has received workers' compensation medical benefits and a lump sum from POI's worker compensation insurance carrier. DN 10 at 5. Bolin has also filed this action against Wickliffe claiming it was negligent in failing to provide a safe working environment. DN 1-1 at 4.

1

The Court previously considered Wickliffe's motion, where it attached the affidavits of its human resources director and health and safety manager. Rather than ruling on the motion, the Court asked the parties to submit further documentation to support their positions. Wickliffe now offers the affidavits of Cobb Golson, Superintendent of Power and Recovery, and Scott Kirkpatrick, Environmental Manager. The two affirm the following: (1) Wickliffe shuts down its operations annually for cleaning and the inspection of the Recovery Boiler precipitator ("Precipitator"); (2) the Precipitator is used to collect certain particulates in the paper-making process, which ultimately ensures the air quality in the plant like the Precipitator; (3) Wickliffe's air quality permit requires regular maintenance of pollution control equipment; (4) federal and state regulations require Wickliffe operate its facility in a manner that controls and minimizes air pollution; (5) the cleaning is necessary in order to maintain the safe and efficient operation of this equipment; and (6) the work on October 2, 2009 was essential for Wickliffe to be in compliance with both the operation permit and the applicable air-quality regulations. DN 19-1; DN 19-2.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material

fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

Wickliffe has moved for summary judgment, alleging this action is prohibited by the Kentucky Workers' Compensation Act ("KWCA").[1] The dispute centers on whether the pressure washing services provided by POI were regular and recurrent.

---

[1] Where jurisdiction is exercised on diversity of parties, the substantive law of Kentucky governs the dispute. *Rutherford v. Columbia Gas*, 575 F.3d 616, 623 (6th Cir. 2009). For diversity purposes under 28 U.S.C. § 1332, Bolin is a citizen of Kentucky while Wickliffe is a corporate citizen of Delaware. *See* DN 1; DN 13.

Under Kentucky law, "[i]f an employer secures payment of compensation as required by [the KWCA], the liability of such employer . . . shall be exclusive and in place of all other liability of such employer to the employee . . . to recover damages from such employer at law. . . on account of such injury or death." KRS § 342.690(1). Defining "employer," the KWCA provides that "[f]or purposes of this section, the term 'employer' shall include a 'contractor' covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation." *Id*. A separate section clarifies who qualifies as a contractor:

> A person who contracts with another . . . [t]o have work performed of a kind which is a *regular or recurrent* part of the work of the trade, business, occupation, or profession of such person shall for the purposes of this section be deemed a contractor, and such other person a subcontractor.

*Id*. § 342.610(2)(b) (emphasis added and formatting altered).

"The purpose of the provision of KRS 342.610 that a contractor is liable for compensation benefits to an employee [of] a subcontractor who does not secure compensation benefits is to prevent subcontracting to irresponsible people." *Fireman's Fund Ins. Co. v. Sherman & Fletcher*, 705 S.W.2d 459, 461 (Ky. 1986). In combining the language of sections 342.690(1) and 342.610(2)(b), the Kentucky Court of Appeals sets out the relevant inquiry here:

> The [KWCA] makes it clear that if [a business] is a contractor or statutory employer, it has no liability in tort to an injured employee of its subcontractor . . . . [The business] would be liable for workers' compensation in the event the [subcontractor] failed to provide it. It is also apparent from the [KWCA] that [the business] is a contractor if the work subcontracted to [the subcontractor] is of a kind which is a "regular or recurrent" part of the work or trade of [the business].

*Daniels v. Louisville Gas and Elec. Co.*, 933 S.W.2d 821, 823 (Ky. Ct. App. 1996) (citing *Fireman's Fund Ins. Co. v. Sherman & Fletcher*, 705 S.W.2d 459 (Ky. 1986)). To succeed with such a defense, a party must put forth "substantial evidence that a defendant was the injured

4

worker's statutory employer under a correct interpretation of KRS 342.610(2)(b)." *General Elec. Co. v. Cain*, 236 S.W.3d 579, 585 (Ky. 2007) (citation omitted).

Wickliffe urges that because POI was a subcontractor who provided it with regular and recurrent pressure washing, and when considering Bolin has already received a workers' compensation award, the KWCA bars the instant action. In support of its argument, Wickliffe points to the newly offered affidavits and Bolin's admission that he has no specific knowledge of POI and Wickliffe's relationship. Viewing these items in tandem, Wickliffe charges that not only is it immune from suit under the KWCA, but Bolin is incapable of offering a material fact upon which a jury trial may be premised. Bolin retorts that this motion is inappropriate both because Wickliffe has not provided substantial evidence characterizing POI's services and the annual maintenance POI provided cannot be characterized as "regular."

The Court will tackle Bolin's objections in reverse order. First, Bolin's concerns about the regularity of the cleaning are unavailing. The Kentucky Supreme Court offers that "'regular' means that the type of work performed is a 'customary, usual or normal' part of the premises owner's 'trade, business, occupation, or profession,' including work assumed by contract or required by law." *Cain*, 236 S.W.3d at 586-87 (citation omitted). Despite the implicit meaning of the word, it does not require "regularity . . . with the preciseness of a clock or calendar." *Id.* at 586 (citation omitted). Here, the affidavits indicate the regular cleaning of the tanks ensured both the safety of Wickliffe's employees and its compliance with state and federal air quality standards. Thus, the Court finds the cleaning falls within the definition of "regular" offered by *Cain*. What is more, Bolin's assertion that the year-long delay precludes a finding of regularity is incorrect. In *Daniels v. Louisville Gas and Elec. Co.*, the Kentucky Court of Appeals held a

5

subcontractor providing emissions testing at a power plant was involved in regular and recurrent services even though the testing occurred once every two or three years. 933 S.W.2d at 823. The facts of *Daniels* persuade the Court to reject Bolin's rigid interpretation of "regular services."

Regarding Bolin's contention that Wickliffe has not met its burden of substantial evidence, the Court disagrees. Even if the Court declined to grant summary judgment on the basis of the earlier affidavits, Wickliffe has now provided four different affidavits from four different employees. All set forth the purpose and importance of POI's services, with the latter two describing in detail the cleaning process and the regulations that mandate it. More important, this factual basis stands in stark contrast to Bolin's silence on the matter, since he has failed to provide any evidence to contradict these statements. Accordingly, the Court finds Wickliffe has met its burden.

**CONCLUSION**

Wickliffe has shown that POI's services were regular and recurrent as contemplated under KRS 342.610(2)(b) and 342.690(1). It is therefore shielded from liability under Kentucky's Workers' Compensation Act. For these reasons, Defendant's motion is GRANTED. An appropriate order shall issue.